```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                               *
SPHERION CORPORATION
                               *
     Plaintiff,                *
v.                             *    CIVIL NO.: WDQ-04-2115
THE ROSEN GROUP, et al.,
                               *
     Defendants.
                               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

## Memorandum Opinion

Spherion Corporation ("Spherion") has sued The Rosen Group and Wendy Rosen for defamation. Pending is Spherion's second motion for leave to file an amended complaint. For the following reasons, the motion will be denied.

I. Background

In March, 2003, Spherion, a national staffing firm, placed Rahiem Jackson with The Rosen Group, a Maryland publishing company. Complaint, ¶ 16. Soon after, the Rosen Group hired Jackson as a permanent employee. *Id* at ¶ 17. Defendants allege that between March and July, 2003 Jackson stole and forged Rosen Group checks totaling more than $127,000. *Id* at ¶ 22.

After discovering the theft, The Rosen Group fired Jackson in July, 2003. *Id* at ¶ 21. After conducting its own investigation, Rosen discovered that Jackson was facing criminal

1

charges for theft from a prior employer.  *Id* at ¶ 23.

According to Spherion, in the fall of 2003, Defendants attempted to extort a settlement from the company for failing to discover Jackson's prior crimes by threatening legal action and a negative media campaign.  *Id* at ¶¶ 29-40.  Spherion alleges that when it refused to pay Rosen $60,000 to settle the dispute, Rosen began publicly disparaging Spherion's business reputation in media interviews and e-mails sent to local businesses. Complaint, ¶¶ 46-60.

In July 2004, Spherion sued Rosen for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), intentional interference with economic relations, and defamation. Rosen counterclaimed for breach of contract, negligent and intentional misrepresentation and breach of contract in violation of Maryland law.

On January 18, 2005, this Court dismissed Spherion's RICO and interference claims and Rosen's claim for tortious breach of contract.  Discovery was conducted and closed December 20, 2005. On December 19, 2005 Spherion moved to amend its complaint.

II. Analysis

Spherion has moved to amend its complaint to add a claim for fraud, alleging that discovery revealed that although Rosen published defamatory statements to third parties, she

2

fraudulently deceived Spherion by claiming that she would publish her defamatory statements to an additional 35,000 e-mail recipients.  Spherion contends that Rosen had no intention of e-mailing 35,000 recipients, knew that the statement was false, intended to defraud Spherion, and that Spherion filed suit as a result.  Rosen argues in response that the motion should be denied as untimely, prejudicial, futile and initiated in bad faith.

Under Rule 15(a) motions for leave to file an amended complaint are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels,* 389 F.3d 444 (4th Cir. 2004); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Davis v. Piper Aircraft,* 615 F.2d 606 (4th Cir. 1980); *Openshaw v. Cohen, Klingenstein & Marks*, 320 F.Supp.2d 357 (D.Md. 2004).

A.  Undue Delay and Prejudice

Rosen argues that the motion is untimely in that it was filed the day before discovery closed and prejudicial as Rosen is now unable to conduct discovery as to whether Spherion relied on Rosen's statements and suffered damages as a result.  Spherion

3

argues in response that although it suspected that Rosen had exaggerated her threats, it could not confirm this suspicion until Rosen's November 11, 2005 deposition, and that Rosen has not been prejudiced because Rosen has already deposed Spherion personnel.

Discovery in this case closed December 20, 2005.  Spherion waited to add its fraud claim until the evening of December 19th.  Spherion admits that prior to Rosen's November 11th deposition, it suspected there were grounds for a fraud claim, but still waited until 38 days after Rosen's deposition provided "confirmation" of these suspicions to file its motion to amend.  That Spherion filed its motion on the evening of the day prior to the close of discovery indicates the delay was strategic.

Additionally, as Spherion's fraud claim will turn, at least in part, on a showing that Spherion relied on Rosen's alleged misrepresentations, Rosen's claim that it needs further discovery to investigate these new allegations is not unreasonable.  Therefore, as discovery has ended, Rosen will be prejudiced if forced to defend the claim.

Accordingly, given Spherion's delay and the potential prejudice to Rosen, Spherion's motion to amend will be denied.

<u>January 30, 2006</u>                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge